IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RANDY PRESSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:12-CV-408-TMH |
| | ) [WO] |
| | ) |
| ANDY HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Randy Pressley ["Pressley"], an indigent inmate presently confined at the Houston County Jail. In this complaint, Pressley complains the defendants have improperly delayed his trial on criminal charges for fraudulent use of a debit card and receiving stolen property. *Complaint - Doc. No. 1* at 4 ("The right of a defendant to a speedy trial ... is grossly being violated in this case at bar...."). Pressley requests imposition of declaratory/injunctive relief directed at the Circuit Court of Houston County, Alabama requiring immediate dismissal of all pending criminal charges or immediate trial on his pending criminal cases. *Id*. at 5.

Upon review of the allegations contained in the complaint, the court concludes this case is due to be dismissed prior to service of process pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Pressley seeks relief from this court which would interfere with actions of the state courts in processing criminal cases pending before the Circuit Court of Houston County, Alabama.  Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case, Pressley has an adequate remedy at law regarding any claims relative to the time he has spent awaiting trial because he may pursue these claims through the state court system in the on-going state criminal proceedings by presenting his claims to the trial court and/or the state appellate courts.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Moreover, Pressley has not alleged the existence of any special circumstance which creates a threat of irreparable harm.  The mere fact Pressley must endure state criminal proceedings fails to demonstrate irreparable harm.  *Younger*, 401 U.S. at 45.  This court is therefore compelled to abstain

---

[1] The court granted Pressley leave to proceed *in forma pauperis* in this cause of action.  *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

from considering the merits of Pressley's claims which place into question the constitutionality of cases currently pending before the Circuit Court of Houston County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of this case is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before May 23, 2012 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of May, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE